**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MONICA OROZCO,**

    **Plaintiff,**

**v.**                                                   **Case No. 8:14-cv-414-T-30AEP**

**NICE BLUE, INC. d/b/a Luna's**
**Mexican Restaurant, a Florida Profit**
**Corporation, JUAN MATA, Individually,**
**MARTIN MATA, Individually, and**
**PABLO CADENA, Individually,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on its own motion. On January 22, 2015, Defendant Nice Blue, Inc. filed a Motion to Compel Discovery and Incorporated Memorandum of Law ("Motion") (Dkt. No. 29). The Court subsequently directed Plaintiff Monica Orozco to appear and show cause as to why Plaintiff has failed to respond to Defendants' discovery requests. (Dkt. No. 30). Defendants, as directed, served Plaintiff with the Court's show-cause order by certified mail and filed proof of such. (Dkt. Nos. 31, 33). Plaintiff did not appear for the scheduled hearing.

Federal Rule of Civil Procedure 41(b) allows dismissal of an action if the Plaintiff fails to prosecute or to comply with procedural rules or an order of the court. Fed.R.Civ.P. 41(b); *e.g.*, *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of

lawsuits."   *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985).   Nevertheless, dismissal with prejudice is a severe sanction that applies appropriately only where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice.   *E.g.*, *Gratton*, 178 F.3d at 1374; *Goforth*, 766 F.2d at 1535.

The Court's January 23, 2014 Order explicitly stated that failure to appear at the scheduled hearing would result in a recommendation of dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b).   At the time of writing, Plaintiff has failed to file any explanatory notice or other motion on the docket.   In fact, nothing has been filed by Plaintiff in this case since Defendant's Motion on January 22, 2015.

For the foregoing reasons it is **RECOMMENDED** that:

1. This matter be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).
2. Defendant's Motion be DENIED AS MOOT.

**IT IS SO REPORTED** at Tampa, Florida, this 2nd day of March, 2015.

ANTHONY E. PORCELLI
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:

The Honorable James S. Moody
Counsel of Record